# WEARE C. LITTLE AND CHARLES W. LITTLE, RESPONDENTS, v. A. BLEECKER BANKS, APPELLANT.

*Contract for publication of reports — powers of State officers as to — they may give third persons a right of action against the publisher for a failure to comply with the contract — When a sum named in a contract is treated as liquidated damages, and not as a penalty.*

The defendant, in pursuance of chapter 224 of 1848, entered into a contract with the proper State officers, for the publication by him of the decisions of the Court of Appeals, for the term of three years. The contract provided that he should at all times keep the volumes so published for retail, and at the price named in the contract, in one or more public and accessible law-book stores in the cities of New York and Albany, and that such volumes should be supplied to any law-book seller in either of said cities "upon application, in quantities not exceeding 100 copies to each applicant, unless said party of the second part shall choose to deliver a greater number when applied for, which he shall be at liberty to do," and that he should "thereafter, at intervals, not exceeding ten days, furnish to said booksellers copies of any of said volumes when required, in quantities not exceeding fifty volumes at a time."

It further provided that for a breach of any of its terms or conditions the defendant should forfeit to the People of the State of New York the sum of $5,000, as and for liquidated damages, and not as a penalty, and that for any failure on his part to keep on sale, furnish and deliver the said volumes he should forfeit and pay for every such failure the sum of $100, which was agreed upon as the liquidated damages suffered by the parties aggrieved thereby, and which sum was to be sued for and recovered by such parties.

In an action by the plaintiffs to recover the damages, provided by the contract to be paid, for the failure of the defendant to deliver volumes to them on demands made therefor, *held,* that the State officers had a right to make the said contract, and that the same was valid.

That the plaintiffs were entitled to demand and receive any number of volumes, provided such number did not exceed the limits fixed by the contract, and were not compelled to take 100 volumes the first and fifty at each subsequent time.

That for each failure to deliver volumes as required by the contract, the party aggrieved was entitled to sue the defendant and recover the sum specified in the contract as liquidated damages.

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court without a jury.

The action was brought upon a contract for the publication of the reports of the decisions of the Court of Appeals of this State, made in pursuance of chapter 224 of 1848.

The material facts are fully stated in the following opinion delivered at the Special Term, which was approved and adopted by the General Term :

OSBORN, J. :

The plaintiffs claim to recover in this action $600, the amount of six different penalties for the failure of defendant to sell and deliver to plaintiffs certain volumes of the Court of Appeals Reports.

On the 25th day of November, 1874, the defendant, in pursuance of law, entered into a contract with the proper officers of the State, viz. : Hiram E. Sickels, State reporter, Nelson K. Hopkins, comptroller, and Diedrich Willers, Jr., secretary of State, for the publication, by defendant, for three years, of the decisions, etc., of the Court of Appeals and of the Commission of Appeals.

It was, among other things, provided in the contract, that the defendant "should, at all times, keep the volumes so published for retail, and at the price named in the contract, in one or more public and accessible law-book stores in the city of Albany and in the city of New York, and should any other law-bookseller, in

either of said cities, apply to purchase any of said volumes, the same shall be supplied to such booksellers, upon application, in quantities not exceeding one hundred copies to each applicant, unless said party of the second part (the defendant) shall choose to deliver a greater number when applied for, which he shall be at liberty to do ; and the said party of the second part (the defendant) shall thereafter, at intervals not exceeding ten days, furnish to said law-booksellers copies of any of said volumes when required, in quantities not exceeding fifty volumes at a time."

The price was to be $1.10 a copy.

It was further provided in the contract, " that for a breach of any of the terms or conditions of this contract, the party of the second part (the defendant) shall forfeit and pay to the People of the State of New York the sum of $5,000, which sum is hereby agreed upon, not as a penalty, but as fixed, stipulated and liquidated damages, suffered by the people aforesaid, to be sued for and recovered by the attorney-general," etc.

"And it is hereby further agreed that for any failure on the part of the party of the second part (the defendant) to keep on sale, furnish and deliver the aforesaid volumes, or any of them, at the price aforesaid, the said party of the second part (the defendant) shall forfeit and pay for every such failure the sum of $100, hereby fixed and agreed upon, not as a penalty, but as the liquidated damages suffered by the person or persons aggrieved thereby, the same to be sued for and recovered by the person or persons so aggrieved."

The parties are rival law-booksellers in the city of Albany, and the plaintiffs claim and prove clearly that on six different occasions they applied to the defendant for a certain number of the volumes so published under said contract, which the defendant refused to sell and deliver, hence this action.

The first question that arises is, whether the contract in question is a legal and valid one — which the State officers named therein had a right to make.

From an examination of the authorities to which I have been referred, and others, I am satisfied that the contract is a valid one — one which these officers had a right to enter into.

They were the agents of the people, and it was their duty to

make the most advantageous contract possible, and they could insert therein such provisions and conditions as should be most beneficial to the public. It is true that the plaintiffs were not made parties to the contract; but this does not bar them from maintaining an action for a breach thereof. The principle that when a person contracts with another for the benefit of a third person, such third person may maintain an action thereon, is well settled. (*Coster & Pruyn* v. *Mayor of Albany*, 43 N. Y., 399; *Lawrence* v. *Fox*, 20 id., 268; see opinion of FOLGER, J., on page 411, etc., of *Coster et al.* v. *Mayor of Albany*, 43 id., as above cited; *Van Schaick* v. *Third Ave. R. R.*, 38 id., 346.)

The defendant, with full knowledge, entered into this contract with the State officers, and for a breach of its conditions on his part consented to the payment of a certain amount to certain parties. Acting under and adopting this contract, and receiving the full benefits to be derived therefrom, he is hardly in a position to question its validity in any respect.

The principle which seems to be well settled is, "that whenever an individual or a corporation, for a consideration received from the sovereign power, has become bound by covenant or agreement, either express or implied, to do certain things, such individual or corporation is liable in case of neglect to perform such covenant, not only to the public, but to a private action at the suit of any person injured by such neglect." (*Weet* v. *Trustees, etc.*, 16 N. Y., 163, note.)

In the case of *Robinson* v. *Chamberlain*, decided in Court of Appeals in January, 1866 (34 N. Y., 389), the question was, whether an action would lie against a contractor employed by the State to keep a portion of the canals in repair who neglected his duty, whereby the plaintiff sustained damage. The court held that the defendant having received valuable consideration from the State, as a consideration for the contract, was liable to a third party for damages sustained by a breach thereof. (See, also, *Weet* v. *Trustees of Brockport*, 16 N. Y., 163, SELDEN, J.)

Under this contract, the plaintiffs, as law-booksellers, had the right to apply to the defendant to purchase the volumes in question at any time. On the first application they would only be entitled to demand 100 volumes; after that, at intervals not

exceeding ten days, not to exceed fifty volumes at any one time. The limitation of the number was for the benefit of the defendant. It seems to me clear that the plaintiffs were not bound to take 100 volumes on the first application, and fifty at each of the subsequent applications, as claimed by defendant, but could ask for any less number, which the defendant was bound to furnish.

This brings me to the consideration of the only remaining question in the case — the question of damages. As it has been shown, this was a valid contract, one which the parties thereto had a right to make, and one which is wise in its provisions, and well calculated to protect the public rights and interests.

The defendant had a right to obligate himself to furnish these books to other law-booksellers, and to make that one of the conditions to be performed by him. This being so, I see nothing to prevent him from liquidating with the other parties to the agreement, the amount of damage which he should pay to any law-bookseller for a failure to perform this part of the agreement.

I am also satisfied that, from the language employed, the damages must be regarded as fixed and liquidated. These damages are confined to a single specified breach of the contract, namely, a failure to furnish to the plaintiffs the volumes in question when applied for. The language is clear and explicit, and it is evident that the parties intended thereby to fix the amount. It was but reasonable that the parties should do so, for the damages were uncertain in their nature and difficult of proof.

The sum which has been fixed is not exorbitant, and therefore does not come within the authorities, that where the contract is to pay a certain sum of money, and for a failure so to do, a larger sum is stipulated as the damages to be paid, the parties will be presumed to have intended the larger sum as a penalty. (See *Clement* v. *Cash*, 21 N. Y., 259, opinion.) In the case at bar, I am clearly of the opinion that the sum named in the contract must be regarded as the liquidated damages, and which the plaintiffs are entitled to recover. (*Bagley* v. *Peddie*, 16 N. Y., 469; *Leggett* v. *Mut. Ins. Co.*, 50 Barb., 616; id., 53 N. Y., 394; *Clement* v. *Cash*, 21 id., 253.)

The plaintiffs having shown six different occasions when they applied for, and the defendant neglected and refused to furnish

books in pursuance of this contract, are entitled to recover the sum of $600, with interest, as claimed in the complaint, and judgment is ordered accordingly, with costs.

I ought, perhaps, to add that the questions involved are interesting and important. There has been, undoubtedly, an honest difference of opinion between the parties as to the validity of, and the proper construction to be given to, the contract in question. The amount which the plaintiffs recover is undoubtedly much larger than the actual damage sustained, and I should have been inclined to award only the sum of $100 for one refusal to sell the books in question, except for the reason that this might have prevented the parties, if they desired, from obtaining the opinion of the Court of Appeals. As it is important that the questions raised should be finally and definitely settled, and this is what the parties have desired — the amount being of secondary importance — I think the plaintiffs ought not to insist upon receiving the whole amount awarded, if in the end they should finally succeed."

*G. L. Stedman*, for the appellant. The reporter, secretary of State and comptroller have no legal power or right to make the contract in question, so far as it relates specifically to the law-booksellers of Albany and New York — to the giving them a cause of action against the defendant, and to the fixing the penalty. (*McLanehan* v. *City of Syracuse*, 18 Hun, 259 at p. 263a; *Whiteside* v. *United States*, 3 Otto, 247, 257.) The court erred in holding that the damages were liquidated by the contract. (Sedg. on Damages [5th ed.], 481; *Richards* v. *Edick*, 17 Barb., 260; *Colwell* v. *Lawrence*, 38 N. Y., 71.) The use of the word "forfeit," meaning to lose by reason of a fault or crime, shows that a penalty was intended. (*Richards* v. *Edick, supra*; *Salters* v. *Ralph*, 15 Abb. Pr., 273; *Kemp* v. *Knickerbocker Ice Co.*, 69 N. Y., 57–59.) Unless the intent of the parties is very clearly expressed, the forfeiture named for non-fulfillment when excessive will not be construed as liquidated damages. (*Colwell* v. *Lawrence, supra*; *Dennis* v. *Commons*, 3 Johns. Cases, 297; *Staples* v. *Parker*, 41 Barb., 648; *Beal* v. *Hayes*, 5 Sandf., 640.)

*Daniel Ketchum*, for the respondent. The statute gave the State officers ample power to make this contract. (3 R. S. [6th

ed.], 188, § 44.) The fact that the plaintiffs are not parties to the contract does not prevent them from maintaining this action. (*Coster* v. *Mayor of Albany*, 43 N. Y., 399, per FOLGER, J., 410–412; *Lawrence* v. *Fox*, 20 id., 268; *Robinson* v. *Chamberlain*, 34 id., 389; *Fulton Ins. Co.* v. *Baldwin*, 37 id., 648, MASON, J., 650; *Brewer* v. *Dyer*, 7 Cush., 337; *Auburn City Bank* v. *Leonard*, 40 Barb., 119; *Johnson* v. *Belden*, 47 N. Y., 130, per GROVER, J., 131; *Conrad* v. *The Village of Ithaca*, 16 id., 158.) The damages in this case are liquidated. (*Bagley* v. *Peddie*, 16 N. Y., 469; *Cotheal* v. *Talmage*, 9 id., 551; *Leggett* v. *Mut. Ins. Co.*, 50 Barb., 616; id., 53 N. Y., 394; *Clement* v. *Cash*, 21 id., 253; *Dakin* v. *Williams*, 17 Wend., 447; *Brinkerhoff* v. *Olp*, 35 Barb., 27; *Knapp* v. *Maltby*, 13 Wend., 587; *Noyes* v. *Phillips*, 60 N. Y., 408.) The law is well settled that the intention of the parties must govern. (*Smith* v. *Smith*, 4 Wend., 468; *Noyes* v. *Phillips*, 60 N. Y., 408; *Kemp et al.* v. *Knickerbocker Ice Co.*, 69 id., 58; *Bagley* v. *Peddie*, 16 id., 469; *Leggett* v. *Mut. Ins. Co.*, 50 Barb., 616; id., 53 N. Y., 394.) A party who has secured to himself the advantage of a contract and has accepted and used its benefits, is estopped from denying the validity or binding force of the instrument, or from setting up or asserting to the contrary. (Per POTTER J., in *Hathaway* v. *Payne*, 34 N. Y., 109; *Otis* v. *Sill*, 8 Barb., 102; *Lawrence* v. *Brown*, 1 Seld., 395; *Dezell* v. *Odell*, 3 Hill, 216–221; *Thomas* v. *Bell*, Hill & Denio's Sup. by Lalor, 433–434; *Costar* v. *Brush*, 25 Wend., 628; *Plumb* v. *Cattaraugus Co. Mut. Ins. Co.*, 18 N. Y., 394; *Welland Canal Co.* v. *Hathaway*, 8 Wend., 483.) It is also well settled that one who accepted the terms of a contract must accept it " *in toto.*" He cannot accept a part and claim that the rest is invalid. (Bigelow on Estoppel, 514; *Swanson* v. *Tarkington*, 7 Heiskell, 612; *Williams* v. *Gideon*, 7 id., 617; *Emmons* v. *Milwaukee*, 32 Wis., 434; *State* v. *Lawyer*, 29 id., 68; *Roby* v. *Chicago*, 64 Ills., 437; Bigelow on Estoppel, 511; 1 American Leading Cases, 161.)

*Per Curiam :*

After a careful examination of this case, and the authorities bearing on the questions involved in it, we shall content ourselves

by simply expressing our approval of the conclusion reached by the learned judge at Special Term. The action seems to have been brought as a test case on the contract counted on, and it was disposed of at the trial, as we understand it, with a view to its final disposition in the Court of Appeals. In general terms we may add that we are satisfied with the opinion given by Mr. Justice OSBORN at the trial. The learned judge considered, upon authority, the principal and controlling questions involved in the case, and, as we think, made a proper disposition of them. Without again going over the questions in an opinion, which would be but to elaborate the argument, perhaps with some few further suggestions, and may be with some few additional authorities, we will declare our conclusion favorable to an affirmance of the judgment upon the opinion given at Special Term.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment affirmed with costs.